UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARY M. BROWN** | : | **DOCKET NO. 17-cv-969** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PROTECTIVE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 10] filed by plaintiff Mary M. Brown ("Brown," "plaintiff"). The motion was filed in response to the Notice of Removal [doc. 1] filed by defendants Tri-Star Freight Systems, Inc. ("Tri-Star") and Protective Insurance Co. ("Protective") (collectively, "defendants"). For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**I.**
**BACKGROUND**

This case arises from a motor vehicle accident that occurred on or about February 25, 2016, in Leesville, Vernon Parish, Louisiana. Doc. 1, att. 2, p. 3. On that date Brown alleges that she was stopped behind another vehicle when an 18-wheeler driven by Rodderick Duffie rear-ended her and caused her to collide with the vehicle in front of her. *Id.* at 3–4. On February 1, 2017, she filed suit against Duffie, his employer Tri-Star, and their insurer, Protective, in the 30th Judicial District, Vernon Parish, Louisiana.[1] Doc. 1, att. 2, pp. 3–7. In the petition she alleged that she had suffered "[i]njury to the bone, muscle, nerve and tissue of the neck, back and spine" and "[g]eneralized

---

[1] To date, Duffie has not been served.

bodily contusions and abrasions," as well as cervical, lumbar, and left shoulder strain, traumatic injuries to the left shoulder and right temporal mandibular joint, and "[a]ggravation and exacerbation of pre-existing conditions." *Id.* at 4–5. Accordingly, she sought damages for pain and suffering, loss of enjoyment of life, disability and loss of use of physical function, and past and future medical expenses. *Id.* at 5. She also stated in the petition that the damages did not exceed $75,000. *Id.* at 6.

This matter was then removed on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332, on July 28, 2017. Doc. 1. Defendants attached an affidavit from counsel to the notice of removal, stating that on July 3, 2017, they had received records showing that plaintiff's alleged damages, if proven, would exceed $75,000 exclusive of interest and costs. Doc. 1, att. 1, p. 2. Specifically, defendants have received records from Brown's treating orthopedist, diagnosing her with cervical disc displacement and recommending cervical injection followed by surgery if the injection is not successful. *Id.*; *see id.* at 15–20. These records related to Brown's visit to the orthopedist on May 9, 2017, and were sent to plaintiff's counsel on May 12, 2017. Doc. 1, att. 1, pp. 15–20. Defendants have also received a letter and records from plaintiff's counsel, dated June 30, 2017, showing that Brown has incurred medical expenses of $34,804.03 so far. *Id.* at 13. They thus allege, in reliance on other actions involving similar injuries and treatments, that the amount in controversy now exceeds $75,000. *Id.* at 2.

Brown brings the instant motion to remand, maintaining that the defendants have not carried their burden as to the amount in controversy. Doc. 10. She also offers a stipulation and affidavit limiting her damages to less than $75,000. *Id.*; *see* doc. 10, atts. 3 & 4. Defendants oppose the motion. Doc. 13.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that support a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411–12.

In resolving a motion to remand, we must look to the jurisdictional facts as they existed at the time of removal. *Asociacion Nacional de Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th

Cir. 1998). The Fifth Circuit has recognized the potential abuse of the amount in controversy requirement through post-removal affidavits, and thus provides clear guidance on the subject:

> While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent . . . that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Gebbia*, 233 F.3d at 883 (citations omitted). Thus plaintiff's post-removal affidavit is only relevant to the extent that the amount in controversy was ambiguous at the time of removal.

As noted above, defendants showed that plaintiff's medical bills already exceeded $34,000,[2] and that future treatment, including possible surgery, was recommended. They also supplied several cases showing similar injuries and treatment with a quantum in excess of $75,000. This showing clearly meets the preponderance standard set forth above. Plaintiff shows no justification for considering her post-removal affidavit, and her stipulation cannot alter the amount in controversy at the time of removal. Accordingly, the motion to remand must be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 10] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

---

[2] In the reply memorandum plaintiff contends, without any evidence, that "the medical bills cannot be claimed in full" because some were paid by Medicare, which reimburses providers at "only a small fraction of the amount billed." Doc. 14, p. 1. Plaintiff does not show what portion of these bills will be covered by Medicare or what the actual reimbursement rate is. Accordingly, we have no cause for using the insurer's reimbursement rate to reduce our estimate of the amount of damages proven below what the provider bills.

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE